United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Julie Bailey, Plaintiff, | )<br>)<br>) |
| v. | )<br>) Civil Action No. 18-22214-Civ-Scola |
| Carnival Corporation and Lost Mayan Kingdom Adventure Park, Defendants. | ) **In Admiralty**<br>)<br>)<br>) |

### Order on Motion to Dismiss

Plaintiff Julie Bailey seeks to recover for injuries she sustained during a ziplining shore excursion, in Mexico, while a passenger on one of Defendant Carnival Corporation's cruise ships. In count one, she alleges Carnival breached a non-delegable duty; in count two, she claims Carnival was negligent in twenty-seven different ways relating to the zipline excursion; and in count three, she again alleges Carnival was negligent, but under an "apparent agency or agency by estoppel theory." (Am. Compl., ECF No. 17.) Counts four and five are brought against Defendant Lost Mayan Kingdom Adventure Park only. Carnival now asks the Court to dismiss all three of the claims against it, arguing Bailey has failed to state a claim upon which relief may be granted. (Def.'s Mot., ECF No. 20.) After careful review, the Court **denies in part and grants in part** Carnival's motion (**ECF No. 20**).

1. **Background**[1]

Bailey embarked on a week-long cruise aboard a Carnival ship in May 2017. At some point, Carnival promoted, vouched for, and recommended a zipline tour excursion operated by Lost Mayan. (Am. Compl. at ¶¶ 16, 18.) Carnival's website repeatedly described the zipline tours as "Carnival Excursions" and assured they are "worry free." (*Id.* at ¶¶ 19, 21.) Carnival enticed its passengers to sign up for "Carnival Excursions" by vouching for the insurance and safety standards of "[its] Shore Excursion" and the prompt return of passengers enjoying those excursions to the ship once their tours had concluded. (*Id.* at ¶¶ 20, 32.) In contrast, Carnival actively discouraged its passengers from booking non-Carnival excursions by disparaging them and maintaining that Carnival was unfamiliar with their insurance and safety records. (*Id.* at ¶ 20.) Carnival also disavowed having any control over the timeliness of passengers' returns to the ship by any independent tours. (*Id.*)

---

[1] The Court accepts Bailey's allegations, as set forth below, as true for the purposes of evaluating Carnival's motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

While onboard, Bailey, in reliance on Carnival's representations that its excursions, operators, and excursion equipment were safe, insured, reputable, and reliable, entered into an "excursion contract" with Carnival for the Lost Mayan zipline tour, which was to take place during a port stop in Mexico. (*Id.* at ¶¶ 11, 16, 23.) Carnival subcontracted with Lost Mayan who operated the zipline tour that Bailey signed up for. (*Id.* at ¶ 24.)

Unfortunately, as she approached the end of her zipline ride, "the line did not stop, but smashed into a barrier." (*Id.* at ¶ 12.) As a result, Bailey suffered serious injuries to her left ankle, including several fractures which required surgery. (*Id.* at ¶ 13.)

### 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atlantic Corp*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### 3. Carnival's Motion to Dismiss

Carnival asks the Court to dismiss counts one, two, and three, all of which allege claims against Carnival alone. Based on the analysis that follows,

the Court denies Carnival's motion, in large part, and grants it only to the limited extent described below.

### A. Bailey's Breach-of-a-Non-Delegable-Duty Claim

### (1) Bailey's breach of a non-delegable duty claim relates back to Bailey's initial complaint.

At the outset, Carnival submits Bailey's claim, in count one, that Carnival breached a non-delegable duty, is barred by the parties' contractual statute of limitations. According to Carnival, this count, included in Bailey's amended complaint (filed beyond the limitations period), does not relate back to her initial complaint (filed within the limitations period). (Def.'s Mot. at 6.) While Bailey agrees she filed her amended complaint beyond the limitations period, she maintains it nonetheless relates back to her initial complaint. (Pl.'s Resp. at 4.) After review, the Court agrees with Bailey and finds the new claim presented through the amendment indeed arose out of the conduct, transactions, and occurrences set out in her initial complaint.

In her original pleading, Bailey alleged she "purchased a zipline tour to be conducted on behalf of Carnival by . . . Lost Mayan" and that both Carnival and Lost Mayan "were required to use reasonable care . . . for [her] safety." (Compl. ¶¶ 10, 14, ECF No. 1, 3–4.) Through this initial complaint, Bailey went on to allege Carnival was negligent in twenty-seven different ways. (*Id.* at ¶16(a)–(aa).) All but two of these twenty-seven allegations specifically referenced either the zipline excursion or Lost Mayan itself. In count two of the initial complaint, Bailey further alleged, as she does in her amended complaint, that Carnival was also negligent under an apparent-agency or agency-by-estoppel theory. (*Id.* at ¶¶ 20–24.) Now, in her amended complaint, through her breach-of-a-non-delegable duty claim, Bailey contends Carnival, "[b]y promoting, vouching for, contracting for[,] and profiting from the excursion ticket contract, Carnival owed . . . Bailey the non-delegable duty to provide her with a reasonably safe excursion." (Am. Compl. at ¶ 31.) As can be seen from the examples that follow, many of Bailey's contentions regarding Carnival's breaches, under this amended count, echo the contentions she laid out, under her negligence claim, in her initial complaint:

| **Beaches alleged in amended complaint, count one. (Am. Compl. at ¶ 33.)** | **Corresponding breaches alleged within original pleading:** |
|---|---|
| a. "Failing to select a reasonably safe excursion operator" | - "Failing to provide a safe excursion" (Compl. at ¶ 16(a).) |
| b. "Failing to ensure that the zip-line | - "Failing to provide an excursion with |

| | |
|---|---|
| operated by [Lost Mayan] was reasonably equipped and maintained" | proper equipment and personnel" (Compl. at ¶ 16(b).) <br> - "Failing to properly . . . inspect . . . Lost Mayan, to ensure [it] was operating . . . a reasonably safe excursion" (Compl. at ¶ 16(c).) |
| c. "Failing to implement and enforce rules governing the operation of excursions by excursion operators, including the safe operation of the zip-line" | - "Failing to . . . monitor, supervise[,] and audit the ongoing operations of . . . Lost Mayan, to ensure [it] was using . . . proper and safe procedures to provide a reasonably safe excursion" (Compl. at ¶ 16(d).) <br> - "Failing to ensure that . . . Lost Mayan[] had proper policies and procedures in place to ensure . . . safe[ty]." (Compl. at ¶ 16(m).) <br> - "Failing to promulgate and enforce appropriate safety rules for . . . Lost Mayan." (Compl. at ¶ 16(r).) |
| d. "Failing to warn passengers purchasing excursion tickets from Carnival that there are real and significant dangers on tours and excursion[s], including the fact that many other passengers have been killed or injured while on such zip-line excursions." | - "Failing to adequately warn Plaintiff of the dangers that would be encountered during the subject excursion" (Compl. at ¶ 16(e).) |

Under Federal Rule of Civil Procedure 15(c)(1)(B), "[a]n amendment to a pleading relates back to the . . . original pleading when[] . . . the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Carnival complains Bailey's new, breach-of-a-non-delegable-duty claim, "relies on new, distinct conduct separate from that required to recover on her initial claims." (Def.'s Mot. at 6.) Carnival supports its argument by pointing to "new factual allegations related to the 'excursion ticket contract' and to oral modifications made to such 'contract' that were not included in her initial Complaint." (Id. (quoting Pl.'s Am. Compl.).) According to Carnival, Bailey's mere mention "that she 'purchased a zipline tour to be conducted on behalf of Carnival by . . . Lost Mayan,'" in her original filing, in no way gave Carnival any notice that she would be relying on any "contract," relating to the excursion, never mind "any

oral modifications made to [that] contract." (Def.'s Mot. at 6.) Carnival insists Bailey's reliance on these modifications amounts to her "plead[ing] new distinct conduct separate from that which was contained within her initial Complaint" and that "entirely different" allegations must be proved to support her new claim than were plead in her original pleading. (*Id.* at 7.)

The Court finds Carnival's argument misses the mark. Bailey's new claim is not "premised upon 'new distinct conduct' . . . which prevents this claim from relating back to the date the original claim was filed." *Hajtman v. NCL (Bahamas) Ltd.*, No. 07-22429-CIV, 2008 WL 1803630, at \*2 (S.D. Fla. Apr. 21, 2008) (Moore, J.) Indeed, Bailey's "original complaint gave notice to the defendant of the claim now being asserted." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). In both versions of the complaint, Bailey seeks to hold Carnival responsible for the same alleged accident where the zipline "did not stop, but smashed into a barrier." (Compl. at ¶ 12; Am. Compl. at ¶ 12.) Nothing about the issues Carnival points to in Bailey's new claim, seeking to hold Carnival responsible for injuries she sustained on the Lost Mayan zipline, should surprise Carnival. Carnival has not convinced the Court that Bailey "would have to prove completely different facts than would otherwise have been required to recover on the claim[s] in [her] original complaint." *Moore*, 989 F.2d at 1132. As such, its contention that her amended complaint does not relate back, on these grounds, fails.

Inexplicably, however, or perhaps for some strategic reason the Court cannot divine, Carnival did not express any limitations concerns regarding the amended-complaint claims that Carnival "fail[ed] to have any emergency medical treatment and/or evacuation plan in the event that passengers were injured on the excursion" or "fail[ed] to timely provide medical treatment and/or transport and/or evacuation for passengers injured on the excursion." (Am. Compl. at ¶ 33(e)–(f).) These alleged breaches, regarding medical treatment, do not relate back to the initial complaint and therefore appear to be time barred. As a result, the Court orders Bailey to show cause why the claims premised on these breaches should not be dismissed as untimely.

### (2) Bailey's claim that Carnival breached a contractually-established non-delegable duty survives dismissal.

Bailey premises her breach-of-a-non-delegable-duty claim on both a contractually-established, as well as a tort-based, non-delegable duty. (*Id.* at ¶ 34.) According to Bailey, this non-delegable duty required Carnival to provide Bailey with a safe excursion. (*Id.* at ¶ 33, 34.) Carnival argues, in essence, it had no duty to ensure Bailey's safety while she participated in the zipline excursion, claiming this would impermissibly broaden the duty of care owed by

a shipowner to its passengers—in effect rendering the shipowner the all-purpose insurer of its passengers' safety while participating in off-ship excursions. In countering, Bailey relies primarily on her allegation that Carnival contractually ensured Bailey's safety while she participated in the ziplining tour. In considering the allegations presented in Bailey's amended complaint, the Court finds Baily has sufficiently alleged Carnival's breach of a contractually established non-delegable duty.

To begin with, the Court agrees with other courts in this district that an "express provision guaranteeing safe passage is not required to state a cause of action for breach of a shore excursion contract." *Witover v. Celebrity Cruises, Inc.*, 161 F. Supp. 3d 1139, 1146 (S.D. Fla. 2016) (Lenard, J.) (quotations and alterations omitted). Further, where an excursion contract, entered into by a shipowner and a passenger, is alleged to include some sort of guarantee or assurance, a duty may be sufficiently alleged. *See Lienemann v. Cruise Ship Excursions, Inc.*, 18-21713-CIV, 2018 WL 6039993, at *8 (S.D. Fla. Nov. 15, 2018) (Lenard, J.) (denying dismissal for failure to state a claim where the passenger alleged the shipowner "promise[d] . . . its contracted-for excursions utilized the best local providers at every p[o]rt" and "vouch[ed] for the safety/insurance record of the party with whom it independently contracted") (quotation altered for clarity); *Witover*, 161 F. Supp. 3d at 1146 (finding passenger's allegation that shipowner orally "guarantee[d] . . . the excursion was handicapped accessible . . . sufficient to survive a motion to dismiss").

Carnival maintains Bailey failed to sufficiently allege that Carnival ever contracted with Bailey to provide a safe excursion. (Def.'s Mot. at 8.) And, in fact, says Carnival, the language of the parties' ticket contract itself "clearly dispels any notion of such a contractual duty." (*Id.*) Lastly, Carnival complains that although Bailey alleges Carnival orally modified the excursion contract, "she fails to allege what oral modification there was and how it relates to any duty owed by Carnival." (*Id.* at 9.) Carnival's contentions are directly belied by the allegations Bailey presents in her complaint. Notably, Bailey alleges Carnival actively promoted, recommended, and, most importantly, vouched for the Lost Mayan zipline tour. (Am. Compl. at ¶ 16.) In fact, says Bailey, Carnival pointedly assured her that the tour was "safe, insured, reputable, and reliable." (*Id.* at ¶ 23.) According to Bailey, Carnival's website even characterized the tour as one of "Carnival['s] Excursions." (*Id.* at ¶ 19.) These allegations sufficiently plead the existence of a contractually created duty. Whether Bailey will ultimately be able to prove her theories regarding how Carnival breached the non-delegable duty arising out of this alleged contract, of course, remains to be seen. But at this stage of the litigation, the Court finds count one indeed states a claim sufficient to proceed past the motion to dismiss stage.

On the other hand, the Court agrees that Bailey has not sufficiently alleged a tort-based non-delegable duty. And, in fact, Bailey does not present any opposition to this contention. The Court therefore finds Bailey has failed to state a claim that Carnival breached any tort-based non-delegable duty. The Court thus dismisses any such claims, with prejudice, from Bailey's complaint.

### B. Bailey's negligence allegations are, mostly, sufficient to survive Carnival's challenge.

Carnival next urges the Court to dismiss the negligence claims Bailey alleges in count two for three reasons. First, says Carnival, the only duty a shipowner owes a passenger once she leaves the ship is the "duty to warn of known dangers in places where passengers are invited or reasonably expected to visit." (Def.'s Mot. at 10.) Thus, Carnival argues, the Court should dismiss any negligence claim not premised on a duty to warn. As far as Carnival's argument goes, the Court disagrees. Although "generally the duty to warn is the most relevant duty regarding off-vessel excursions, a cruise ship might have additional obligations under the 'reasonable care' standard, if, for example, there is an agency relationship between the cruise ship and the excursion operator." *Pucci v. Carnival Corp.*, 146 F. Supp. 3d 1281, 1287 n. 4 (S.D. Fla. 2015) (Altonaga, J.). And, "[w]hile this issue has not been dispositively addressed by the Eleventh Circuit," that court has nonetheless "stated that the duty to exercise reasonable care under the circumstances *includes* a duty to warn of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit." *Ferretti v. NCL (Bahamas) Ltd.*, 17-CV-20202, 2018 WL 1449201, at *2 (S.D. Fla. Mar. 22, 2018) (Gayles, J.) (emphasis in original) (quoting *Wolf v. Celebrity Cruises, Inc.*, 683 Fed. Appx. 786, 794 (11th Cir. 2017)). Notably, the Eleventh Circuit "did not state . . . that the duty to warn was the *only* duty owed to a passenger while on shore." *Ferretti*, 2018 WL 1449201, at *2 (emphasis added). The Court does not otherwise find persuasive the sources Carnival relies on for the contrary position.[2]

Next, Carnival submits Bailey has failed to sufficiently plead notice of the risk-creating condition. On the one hand, the Court certainly agrees that certain allegations are deficient. For example, Bailey's contention that "the

---

[2] Carnival also complains, generally, "the vast majority of Plaintiff's negligence claims—some twenty-seven . . . alleged breaches of duty—are premised on duties not recognized under general maritime law." (Def.'s Mot. at 10.) Other than arguing Bailey is limited solely to a duty-to-warn theory of liability, Carnival does not otherwise flesh out this threadbare argument. And while Carnival may indeed be correct about many, or at least some, of Bailey's claims, the Court will not itself undertake piecing together the argument on Carnival's behalf. Instead, Carnival will have to address each individual breach either through a motion for summary judgment or at trial.

conditions existed for a sufficient length of time so that Carnival . . . should have learned of them and corrected them" is far too vague and conclusory to, on its own, demonstrate constructive notice. (Am. Compl. at ¶ 39.) Likewise, Bailey's claim that "Carnival is aware of numerous other lawsuits and claims arising out of zip-lining excursions such as Lost Mayan" is similarly lacking in specifics or supporting factual allegations. (*Id.*) To be sure, the Court agrees with Carnival that neither of these conclusory allegations, without more, would suffice. However, Bailey also alleges "Carnival knew of the . . . conditions causing Plaintiff's accident through prior adverse comment cards submitted by passengers with whom Carnival had previously contracted for the [zipline tour]." (*Id.*) If true, this allegation means that at least two other passengers who went on the Lost Mayan zipline tour expressly informed Carnival of the very condition that Bailey claims caused her injuries. This is at least sufficient to nudge Bailey past dismissal regarding Carnival's notice.

Finally, Carnival asserts Bailey failed to state a claim for negligent selection and retention of an independent contractor. In order to set out such a claim in this kind of case, a plaintiff "must allege that the [tour] company was incompetent or unfit to perform the work, that [the cruise line] knew or reasonably should have known of the particular incompetence or unfitness, and that such incompetence or unfitness proximately caused [the plaintiff's] injuries." *Gayou v. Celebrity Cruises, Inc.*, 11-23359-CIV, 2012 WL 2049431, at *5 (S.D. Fla. June 5, 2012) (Scola, J.). "The relevant inquiry is whether [the cruise line] diligently inquired into [the tour operator's] fitness." *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1319 (S.D. Fla. 2011) (Jordan, J.). Carnival points to the following specific allegations as falling far short of stating a negligent-selection-and-retention claim:

> (a) Failing to provide a safe excursion;
>
> (b) Failing to provide an excursion with proper equipment and personnel;
>
> (c) Failing to properly and adequately inspect, investigate, screen, select[,] and retain . . . its tour operator . . . ;
>
> (d) Failing to adequately monitor, supervise and audit the ongoing operations of its tour operator partner . . . ;

(Am. Compl. at ¶ 37.) The Court agrees none of these allegations succeed in stating a claim for negligent hiring and retention. Nowhere within the complaint does Bailey present any factual support for the notion that Carnival was aware of any "particular incompetence or unfitness" or "that such incompetence or unfitness proximately caused [her] injuries." To the extent,

then, that Bailey seeks to attach liability to Carnival for negligent hiring and retention, such claims are dismissed.[3]

### C. Bailey has sufficiently pleaded the negligence claims she premised on apparent agency.

In count three, Bailey alleges negligence against Carnival based on apparent agency.[4] In doing so she lists several representations Carnival made, regarding its relationship with Lost Mayan. (Am. Compl. at ¶ 41.) She then says that, based on these representations, she decided to go on the zipline tour rather than stay onboard or tour the port on her own. (*Id.* at ¶ 43.) Carnival argues this claim should be dismissed for a number of reasons. As set forth below, the Court disagrees.

"[A]pparent agency liability requires finding three essential elements: first, a representation by the principal to the plaintiff, which, second, causes the plaintiff reasonably to believe that the alleged agent is authorized to act for the principal's benefit, and which, third, induces the plaintiff's detrimental, justifiable reliance upon the appearance of agency." *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1252 (11th Cir. 2014). Bailey has sufficiently alleged all three elements.

Bailey alleges a number of representations Carnival made that she claims led her to believe Lost Mayan was Carnival's agent. For example, she points to the "series of internet, brochures and other media . . . which advertise the availability and safety of various Carnival excursions, which were presented as . . . integral [to] the cruise ship experience"; Carnival's "market[ing] the . . . excursion on its website by guaranteeing the best price and offering [] 110% of the price difference for a better price for any excursion '[it] offer[s]'"; and "Carnival . . . crew members . . . promoted, advertised, explained, coordinated and supervised . . . the subject zip-line excursion." (Am. Compl. at ¶ 41(a)–(c).) Bailey has set forth allegations of specific undertakings by Carnival that, if proved, could establish the requisite manifestations by the principal, causing a third party like Bailey to reasonably believe that Lost Mayan was Carnival's

---

[3] The Court notes Bailey did not address Carnival's argument regarding claims focused on Carnival's negligent hiring and retention. The Court considers Bailey to have therefore abandoned these claims. *See Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) (finding the "failure to brief and argue [an] issue during the proceedings before the district court is grounds for finding that the issue has been abandoned").

[4] Bailey actually alleges "apparent agency *or* agency by estoppel." (Am. Compl. at 12 (emphasis added).) However, the Eleventh Circuit does not meaningfully distinguish between the two theories. *See Whetstone Candy Co., Inc. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1078 (11th Cir. 2003) (finding "no significant difference between" the two theories) (quotation and citation omitted). The Court's analysis, therefore, will address and refer to only "apparent agency."

agent. Moreover, even if the complaint merely pleaded that "Carnival held out the owners and/or operators of the zip-line excursions as its apparent agent[s]" and that "Carnival represented to . . . Plaintiff[] that the operator of the zipline excursion was acting for the benefit of Carnival" (Am. Compl. at ¶ 41), a claim for apparent agency would not necessarily be foreclosed, if supported by underlying facts. "An apparent agency relationship may be created by silence where the principal knowingly permits the agent to act as if the agent is authorized, or by acting in a manner which creates a reasonable appearance of an agent's authority." *Gayou*, 2012 WL 2049431, at *9.

The Court is also not persuaded by Carnival's argument that the language on Bailey's ticket (describing the excursion operators as "independent contractors" and disclaiming any liability) or on Carnival's website (same) forecloses any apparent agency liability. If the Court were to consider these documents at this stage of the litigation—which it appears it should not—the Court would not, in any event, find them sufficient to support dismissal of this count. The language Carnival relies on presents factual issues that the Court declines to consider at the motion-to-dismiss stage of this litigation.

### 4. Conclusion

As set forth above, Carnival's motion is denied in part and granted in part (**ECF No. 20**). The Court dismisses Bailey's claims (1) that Carnival breached a tort-based non-delegable duty; and (2) for negligent selection and retention of an independent contractor. Additionally, Bailey must show cause, on or before **March 25, 2019**, why her breach-of-non-delegable duty claims, premised on the breaches she alleges in paragraphs 33(e) and 33(f), should not be dismissed as untimely. Unless Bailey can show that these allegations relate back to her original pleading, the Court will dismiss the claims based on those allegations as time barred. If Bailey concedes that these claims should be dismissed, she must file a notice to that effect immediately.

Carnival must file its answer to the amended complaint **on or before April 1, 2019**.

**Done and ordered** at Miami, Florida, on March 18, 2019.

_____
Robert N. Scola, Jr.
United States District Judge